**Keith D. Karnes**, Oregon State Bar ID Number 03352
kkarnes@olsendaines.com
Olsen, Olsen & Daines, LLC
1599 State St.
P.O. Box 12829
Salem, OR  97309-0829
Telephone (503) 362-9393
Fax (503) 362-1375

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BRIAN GUNDERSON,<br><br>                  Plaintiff,<br>v.<br><br>ASSOCIATED CREDITORS EXCHANGE, INC.;<br><br>                  Defendant. | Case No.<br><br>COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT; and VIOLATION OF THE OREGON UNLAWFUL DEBT COLLECTION PRACTICES ACT<br><br>JURY REQUESTED |

JURISDICTION

1.Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), as well as other state law tort claims.

3.Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Brian Gunderson (hereinafter "Plaintiff") is a natural person who resides in the City of Springfield, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Associated Creditors Exchange, Inc. (hereinafter "Defendant") operating from an address of 3443 North Central Avenue #1100 Phoenix, Arizona 85012 is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff purchased a car for his personal, family or household use.

7. Plaintiff defaulted on his payments.

8. Plaintiff's defaulted debt was sold, assigned, or otherwise transferred to Defendant.

9. Plaintiff is currently serving in Iraq and has been serving since November of 2007.

10. In April 2008 Plaintiff's mother and step-father received phone calls from Defendant for the debt owed by Plaintiff.

11. Plaintiff's step-father informed Defendant that Plaintiff was serving in Iraq and not to contact him regarding Plaintiff's debt.

12. In May of 2008 Defendant called Plaintiff's mother and step-father regarding the debt. Plaintiff's step-father told Defendant to stop contacting him regarding Plaintiff's debt.

13. In June of 2008 Defendant contacted Plaintiff's mother and step-father. Defendant stated to Plaintiff's mother that under Article 32 Defendant was allowed to contact Plaintiff's commanding officer and inform him of the debt. Defendant stated Plaintiff's commanding officer

would "rough him up, since soldiers are not to leave on deployment in debt."

14. Despite Plaintiff's mother and step-father's efforts, Defendant continues to contact Plaintiff's mother and step-father regarding Plaintiff's debt.

15. As a direct and proximate result of Defendant's actions Plaintiff has suffered actual damages in the form of emotional distress, anger, anxiety, worry, frustration, among other negative emotions.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The foregoing acts and omissions of defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. § 1692b, 1692b(3), 1692d, 1692d(1), 1692e, 1692e(5), 1692e(10), and 1692f.

15. As a result of defendant's violations of the FDCPA, plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## UNLAWFUL DEBT COLLECTION PRACTICES ACT

16.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

17.     Defendant's actions constitute multiple violations of the UDCPA including but not limited to ORS 646.639(2)(a), (e), (k).

18.     As a result of such action plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial and injunctive relief pursuant to ORS 646.641.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against defendants for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692 *et seq*.

for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant;

for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every defendant;

for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every defendant;

COUNT II.

UDCPA

ORS 646.639 et seq

for an award of actual and punitive damages against each and every defendant in an amount to be determined at trial pursuant to ORS 646.641;

for an order enjoining each and every defendant from violating any provision of the UDCPA pursuant to ORS 646.641;

for attorney fees and the costs of litigation against each and every defendant pursuant to ORS 646.641.


DATED: October 27, 2008


/s/ Keith D. Karnes
Keith D. Karnes
OSB # 03352
503-362-9393
Attorney for Defendant Brian Gunderson